TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 98-1005 |
| of | : | December 29, 1998 |
| DANIEL E. LUNGREN<br>Attorney General | : | |
| ANTHONY S. Da VIGO<br>Deputy Attorney General | : | |

THE HONORABLE ANN MILLER RAVEL, COUNTY COUNSEL, COUNTY OF SANTA CLARA, has requested an opinion on the following question:

May a county maintain by electronic means a docket in the criminal proceedings of all trial courts within the county?

CONCLUSION

A county may maintain by electronic means a docket in the criminal proceedings of all trial courts within the county.

ANALYSIS

We are asked whether a county may maintain electronically a criminal docket for all trial courts, including the superior court, of the county. A criminal docket contains the title of each criminal action or proceeding filed in the court and a listing of all court orders for each action or proceeding. (Pen. Code, § 1428.) We conclude that a county has statutory authority to maintain electronically a criminal docket for all its trial courts.

A county possesses and can exercise only such powers as are granted to it by the Constitution or by statute, together with those powers as arise by necessary implication from those expressly granted. (Gov. Code, § 23003; *Byers v. Board of Supervisors* (1968) 262 Cal.App.2d 148, 157; 78 Ops.Cal.Atty.Gen. 171, 180 (1995).)[1] In determining whether a county has the authority in question, we first examine the historical sequence of statutory enactments pertaining to criminal docketing. Penal Code section 1428, first enacted in 1872 and last amended in 1961 (Stats. 1961, ch. 731, § 1), provides as follows:

> "A docket must be kept by the judge or clerk of each justice court and by the clerk of each municipal court having jurisdiction of criminal actions or proceedings, in which must be entered the title of each criminal action or proceeding and under each title all the orders and proceedings in such action or proceeding. Wherever by any other section of this code made applicable to such courts an entry of any judgment, order or other proceeding in the minutes is required, an entry thereof in the docket shall be made and shall be deemed a sufficient entry in the minutes for all purposes."

Former Penal Code section 1428.4, enacted in 1973 (Stats. 1973, ch. 320, § 1) and repealed in 1980 (Stats. 1980, ch. 354, § 8), stated:

> "In lieu of maintaining the docket required by Section 1428, the judge or clerk of each justice court and the clerk of each municipal court may maintain a docket of actions by means of photographing, microphotographing, or mechanically or electronically storing the whole content of all papers and records, or any portion thereof as will constitute a memorandum, necessary to the keeping of a docket of actions so long as the completeness and chronological sequence of the docket are not disturbed.

> "All such reproductions shall be placed in convenient, accessible files,

---

[1] All references hereafter to the Government Code are by section number only.

and provision shall be made for preserving, examining and using them.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

At the time of its repeal, former Penal Code section 1428.4 was replaced by former section 71007 (Stats. 1980, ch. 354, § 2), which provided until its repeal in 1994 (Stats. 1994, ch. 1030, § 11) as follows:

"(a) In lieu of maintaining the docket or register of actions required by Section 1428 of the Penal Code and Section 1052 of the Code of Civil Procedure, the judge or clerk of each justice court and the clerk of each municipal court may maintain a docket or register of actions by means of photographing, microphotographing, or mechanically or electronically storing the whole content of all papers and records, or any portion thereof as will constitute a memorandum, necessary to the keeping of a docket or register of actions so long as the completeness and chronological sequence of the record are not disturbed.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Upon making reproductions of court records as described in subdivision (a), the originals may be destroyed. The reproduction shall be deemed to be an original record.

"(c) All photographs, microphotographs, microfilms, or mechanically or electronically stored court records shall be properly indexed and kept in convenient, accessible files. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Accordingly, both former Penal Code section 1428.4 and section 71007 referred specifically to the dockets of justice and municipal courts. They did not pertain to the records of superior courts. The clerks of superior courts were thus not authorized to maintain electronically the records in question under the terms of these repealed statutes.

However, when former section 71007 was repealed in 1994, it was replaced by section 68150 (Stats. 1994, ch. 1030, § 1), and as amended in 1996 (Stats. 1996, ch. 1159, § 13), section 68150 now provides:

"(a) Trial court records may be preserved in any form of communication or representation, including optical, electronic, magnetic, microgaphic, or photographic media or other technology capable of accurately producing or reproducing the original record according to minimum standards or guidelines for the preservation and reproduction of the medium adopted by the American National Standards Institute or the Association for Information and Image Management.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) No additions, deletions, or changes shall be made to the content of the record.  The records shall be indexed for convenient access.

"(c) A copy of the record preserved or reproduced according to subdivisions (a) and (b) shall be deemed the original court record and may be certified as a correct copy of the original record.

"(d) A court record preserved or reproduced in accordance with subdivisions (a) and (b) shall be stored in a manner and in a place that reasonably assures its preservation against loss, theft, defacement, or destruction for the prescribed retention period under Section 68152. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) Instructions for access to data stored on a medium other than paper shall be documented.  Each court shall conduct a periodic review of the media in which the court records are stored to assure that the storage medium is not obsolete and that current technology is capable of accessing and reproducing the records. . . .

"(h) Court records preserved or reproduced under subdivisions (a) and (b) shall be made reasonably accessible to all members of the public for viewing and duplication as would the paper records. Reasonable provision shall be made for duplicating the records at cost.  Cost shall consist of all costs associated with duplicating the records as determined by the court."

Hence, the "electronic preservation" of "trial court records" is currently authorized by section 68150. The term "court record" includes the criminal docket. (§  68151, subds. (a)(3), (j)(17).)  The reference in section 68150 to "trial court" records, in lieu of the records

of justice and municipal courts in the predecessor statute, includes the records of the superior court.  We note that the principal trial court in this state is the superior court.  (*Whittaker v. Superior Court* (1968) 68 Cal.2d 357, 362.) Finally, from the statutory history it is evident that the Legislature has used the terms "kept" (Webster's Third New Internat. Dict. (1971) p. 1235), "maintain" (*id.*, at p. 1362) , and "preserved" (*id.*, at p. 1794) interchangeably to include the original entry of the information as a record.  Subdivision (a) of section 68150, for example, refers to records being "preserved" by "technology capable of accurately producing . . . the original record . . . ."

We conclude that a county may maintain by electronic means a docket in the criminal proceedings of all trial courts within the county.  Of course, any additional requirements prescribed by law (e.g., §§ 68150, subd. (f), 68152, subd. (e)(1), 68152, subd. (j)(17)) [capital felony cases]) must be met in the specified circumstances.

\* \* \* \* \*